1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE MARIE STILL,

                              Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

                              Defendant.

Case No. 2:16-cv-01283-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security (SSI) benefits. The parties have

consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c),

Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the

Court finds defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On July 13, 2012, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications that she became disabled beginning

April 1, 2006. Dkt. 9, Administrative Record (AR) 874. Both applications were denied on initial

administrative review and on reconsideration. *Id.* A hearing was held before an Administrative

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

Law Judge (ALJ), at which plaintiff appeared and testified. AR 72-96.

In a written decision dated October 9, 2013, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 10-25. On December 16, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the Commissioner's final decision. AR 1; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff appealed the Commissioner's final decision to this Court, which on July 20, 2015, reversed that decision and remanded the matter for further administrative proceedings. AR 956-62. On remand, a second hearing was held before a different ALJ at which plaintiff appeared and testified, as did a vocational expert. AR 903-919.

In a written decision dated June 13, 2016, that ALJ also found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 874-97. It appears that the Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on August 19, 2016. Dkt. 1; 20 C.F.R. § 404.984, § 416.1484.

Plaintiff seeks reversal of the ALJ's decision and remand for payment of benefits, arguing the ALJ erred in rejecting the medical opinion evidence in the record. However, for the reasons set forth below the Court disagrees that the ALJ erred as alleged, and therefore finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a

ORDER - 2

whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

ORDER - 3

595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of*

ORDER - 4

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In July 2013, Ruthanne Rhoads, LMHCA, plaintiff's mental health counselor, wrote a letter in which she stated:

> Since transferring her behavioral health treatment back to Neighborcare Health in March of 2012[,] Ms. Still's predominant presentation has been of someone experiencing a severe depressive episode without psychotic features. Symptoms that she frequently presents with are 1) recurrent suicidal ideation with a plan she will not communicate to her providers; 2) marked diminished ability to concentrate; 3) severe fatigue even after normal sleep routine has been established; 4) insomnia managed only by medication; 5) markedly diminished interest in social activities; and 6) frequently reports feeling depressed with congruent affect. Her depressive symptoms tend to worsen with specific stressors including: 1) fear of losing her house due to foreclosure; and 2) chronic severe headaches of unknown etiology. Her symptoms markedly impact her capacity to problem-solve or relate socially.
>
> Her manic episodes seem to be well managed by Seroquel and then Lamictal. We have seen episodes of rapid speech that is not quite pressured, irritability, distractibility, and increased goal-directed activity with psychomotor agitation. These episodes have not lasted more than a week.

AR 834-35. Ms. Rhoads concluded her letter by stating that plaintiff's "mental health conditions are severe and chronic, and substantially impact her ability to function in daily life," and that her symptoms "have been debilitating during much of the past nine years." AR 835.

In April 2014, Ms. Rhoads completed a medical source statement in which she checked boxes indicating the existence of moderate to extreme limitations in a number of cognitive and social functioning areas. AR 70-71. Ms. Rhoads also commented that plaintiff: "continues to

ORDER - 5

describe and demonstrate diminished ability to think or concentrate nearly every day"; "will describe a plan in session for what she plans to do next and at the next session she will have forgotten what she intended to do or state that she has not been able to follow through"; "demonstrates marked impairment in her ability to problem-solve effectively"; and "tends to avoid difficult conversations with providers." *Id.*

The ALJ gave Ms. Rhoads March 2013 letter "little weight," finding it to be "not well supported or consistent with the record." AR 893. Specifically, the ALJ noted that "[w]hile the record does reflect periods of increased symptomology related to stressors, it also documents improvement," and that it does "not contain consistent objective findings that would support the degree of limitation indicated by Ms. Rhoads." *Id.* With regard to the April 2014 form, the ALJ declined to give it great weight, as "it was based in large part on [plaintiff's] subjective reports, and mental status examination findings do not support the extent of the limitations she assessed." *Id.* In terms of the social functioning limitations Ms. Rhoads assessed, the ALJ found them to be inconsistent with the record "that documents appropriate interpersonal interactions," as well as "activities reflected in the record." AR 894. In addition, the ALJ stated:

> I also note that in February 2014, Ms. Rhoads stated that she encouraged the claimant to appeal to Sound Mental Health to "get her medical record changed to reflect that she was discharged due to benefit change, not due to failure to attend treatment". Certainly, providing advice regarding how to correct records is not problematic. However, this recommendation crosses the line from providing simple advice to advocacy. Ms. Rhoads was advising the claimant regarding changing the reasons why she was no longer in treatment. This recommendation calls into questions [sic] her motivation and indicates that she acted more as an advocate for the claimant rather than as an objective treating source. Accordingly, it renders her opinions less persuasive.

*Id.* (internal citation omitted).

Plaintiff argues the ALJ erred in giving little weight to the opinion evidence from Ms. Rhoads. The Court does agree the ALJ erred in relying on plaintiff's activities to discount Ms.

ORDER - 6

1    Rhoads opinions, as the record fails to show the level of activity plaintiff engaged in necessarily

2    is inconsistent with those opinions over the course of the relevant time period, even though the

3    record may reveal a level of activity that is inconsistent therewith on occasion. *See, e.g.,* AR 36,

4    316, 354,  357, 426, 559, 563, 615, 620, 625-26, 655, 659, 664. Nor does the Court find, as the

5    ALJ did, that the record shows Ms. Rhoads necessarily acted in the role of an advocate. Rather,

6    Ms. Rhoads' comments indicate it is just as likely that she was encouraging plaintiff – as the ALJ

7    noted was a possibility – to merely change an inaccuracy that more accurately reflects the record.

8    AR 1070.

9          That being said, the Court finds those errors to be harmless, as the ALJ gave other valid

10   reasons for discounting Ms. Rhoads' opinions. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

11   1050, 1055 (9th Cir. 2006) (an error is harmless where it is non-prejudicial to the claimant or

12   irrelevant to the ALJ's ultimate disability conclusion); *see also Parra v. Astrue*, 481 F.3d 742,

13   747 (9th Cir. 2007). Although at times plaintiff 's symptoms appear to have worsened (AR 60-

14   61, 320, 425, 518-19, 521, 571, 579, 687, 703, 709, 714, 739-40, 742, 799, 804), as the ALJ

15   pointed out, overall the objective clinical findings in the record do not support the level of

16   functional limitation Ms. Rhoads found, but show fairly consistent improvement in plaintiff's

17   mental health condition over time with medication (AR 34, 39, 41, 43-45, 48-49, 52, 56, 60-61,

18   64, 312, 316-17, 319, 321, 329-31, 362, 373, 407, 420, 423, 517, 535, 539, 542, 546, 548, 550,

19   552, 554, 556, 559, 561, 563, 569, 572, 574, 579, 654-55, 657, 659, 661, 664, 666, 668, 671,

20   673, 683, 685, 687, 695, 697-98, 701, 703, 707, 709, 711, 714, 717, 719-20, 723-25, 729-30,

21   733, 740, 742, 744-45, 748, 752-54, 756, 758, 761, 766, 769-70, 776, 779-80, 782, 785, 789,

22   792, 795, 799, 801, 804, 806, 809, 813, 817, 821, 1091, 1114).

23         Because the objective clinical findings are largely inconsistent with the limitations Ms.

ORDER - 7

Rhoads assessed, the ALJ also was not remiss in finding she relied in large part on plaintiff's

own subjective complaints. Given that plaintiff has not challenged the ALJ's determination that

she was not fully credible concerning those complaints (AR 882-89), this was a valid basis for

discounting Ms. Rhoads' opinions as well. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon

the claimant's own accounts of his symptoms and limitations' may be disregarded where those

complaints have been 'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th

Cir.1989)).  Accordingly, the Court finds the ALJ did not err in rejecting Ms. Rhoads' opinions,

and that that rejection is supported by substantial evidence.

Carmela Washington Harvey, Ph.D., conducted a psychological evaluation of plaintiff in

January 2011, finding her to be markedly impaired in her ability to communicate and perform

effectively in a work setting with public contact and to maintain appropriate behavior in a work

setting. AR 604. Dr. Harvey further opined that "[u]ntreated anxiety/depression would make it

difficult for [plaintiff] to manage her emotions, focus, and appropriately engage others" and "to

meet job expectations," and that her "prognosis for employment is uncertain without the benefit

of additional information regarding current condition." AR 602, 604.

The ALJ found the marked limitations Dr. Harvey assessed to be "not well supported,"

further finding that:

> The only explanation Dr. Harvey provided was that untreated anxiety and
> depression would make it difficult for the claimant to manage her emotions,
> focus, and appropriately engage with others. This statement is speculative and
> equivocal, and is not consistent with the longitudinal record that documents
> significant improvement with treatment. As discussed above, the claimant
> reported that she was better able to handle stressors and described
> substantially improved mood and functioning with medication. Moreover, Dr.
> Harvey stated that she did not review any records in her evaluation of the
> claimant. She also failed to provide a narrative medical source statement
> regarding what the claimant was capable of doing despite her impairments[.]

ORDER - 8

> Dr. Harvey also indicated that the limitations she assessed would last from six to 12 months, rendering them less persuasive in assessing the claimant's functioning over time, particularly given treatment records subsequent to Dr. Harvey's evaluation that document significant improvement. The records also show that the claimant consistently engaged in appropriate interactions with her providers, which supports an ability to maintain appropriate behavior. Finally, the claimant's activities, including socializing with her neighbors, friends, and family, as well as spending time in public places such as the grocery store and library without difficulty, are not consistent with marked social limitations.

AR 889 (internal footnote and citations omitted).

While the Court agrees with plaintiff that as discussed above the evidence in the record concerning her activities does not necessarily show she is as functional as the ALJ indicates, the other reasons the ALJ gave for rejecting the marked limitations Dr. Harvey assessed are proper. First, even if the evidence could be said to support Dr. Harvey's statement that plaintiff's untreated anxiety and depression would make it difficult for her to manage her emotions, focus, and appropriately engage with others, it is far from clear the extent to which she believed that would impact plaintiff's ability to function in the work place. Second, as the ALJ points out and again as discussed above, the medical evidence overall – including treatment records dated subsequent to Dr. Harvey's evaluation – shows plaintiff's mental health condition improved with medication. As such, here too the ALJ committed no reversible error.

In July 2011, another psychological evaluation of plaintiff was conducted by Robert Parker, Ph.D., who found her to be moderately to severely limited in a number of cognitive and social functional areas. AR 612. Dr. Parker also found plaintiff's prognosis "for being able to engage in gainful employment on an ongoing and consistent basis is considered Very [sic] poor." AR 613. In June 2012, Dr. Parker again evaluated plaintiff. Although Dr. Parker did not assess any specific mental functional limitations, he did find plaintiff a prognosis for engaging in gainful employment to be very poor. AR 621. In November 2012, Dr. Parker evaluated plaintiff

ORDER - 9

a third time, finding her once more to be moderately to severely limited in a number of cognitive and social functional areas, and considering her prognosis for engaging in gainful employment to be very poor. AR 626.

The ALJ discounted both medical source's opinions in part on the basis that they were inconsistent with those source's own clinical findings. AR 889-92 The Court finds this was a proper basis upon which to discount Dr. Harvey's and Dr. Parker's opinions, as the mental status examination findings each of them obtained overall were largely unremarkable. *See* AR 607-09, 616-18, 621-23, 627-28. The ALJ further properly noted that the medical evidence in the record, including plaintiff's improvement with medication as discussed above in regard to Ms. Rhoads' opinions, was inconsistent with the significant mental functional limitations Drs. Harvey and Parker assessed. AR 889-92. In addition, the ALJ did not err in pointing out the fact that Dr. Harvey limited the period of time in which she believed that plaintiff would be restricted from six months to 12 years, rendered her opinion less persuasive. AR 604; see also *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the claimant must show he or she suffers from a medically determinable impairment that can be expected that has lasted or can be expected to last for continuous period of not less than twelve months). Thus, while some of the reasons the ALJ gave for discounting the opinions of Dr. Harvey and Dr. Parker may not be completely proper,[2] the ALJ's rejection of those opinions remains valid.

Lastly, plaintiff asserts the ALJ erred in giving significant weight to the much less severe mental functional limitations assessed by Gary Nelson, Ph.D., and Bruce Eather, Ph.D., both of

---

[2] For example, the ALJ's reliance on apparent inconsistency with plaintiff's activities, which as discussed above do not necessarily show plaintiff is as functional as the ALJ asserts, the fact that neither medical source reviewed other medical records given their examining medical source status and their ability to rely on their own evaluations of plaintiff in forming their opinions, and Dr. Harvey's or Dr. Parker's failure to provide a "narrative" statement of plaintiff's residual functional capacity in light of the specific mental functional limitations they checked. AR 889-92.

whom are non-examining psychologists. *See* AR 106-007, 135-37, 895. Plaintiff argues the ALJ erred because neither psychologist had the opportunity to review the entire mental health record, and Dr. Eather did not explain how he reconciled his own opinion with those of Dr. Parker. But as defendant points out, given that the ALJ did not err in finding that the medical record overall showed improvement with medication, or in rejecting the opinions of Dr. Parker, the fact that Dr. Eather's opinion was inconsistent therewith or that Dr. Nelson and Dr. Eather did not review all of the medical evidence in the record, has no impact on the ALJ's ultimate decision, and thus is not a proper basis upon which to overturn it.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 9th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11